

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark Berkowitz**
**Partner**
**212-216-1166**
mberkowitz@tarterkrinsky.com

**Via ECF**                                                                 January 25, 2022

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

     Re:   *CT Espresso LLC v. Lavazza Premium Coffees Corp. et al.*, No. 1:22-cv-377-VSB
            <u>Consent Motion to Seal Unredacted Version of Complaint and Exhibit A</u>

Dear Judge Broderick:

    We represent Plaintiff CT Espresso LLC ("Plaintiff") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 5.B.iii., Plaintiff respectfully requests permission to file under seal an unredacted version of the Complaint (ECF No. 1) and supporting Exhibit A (ECF No. 1-1). We have conferred with counsel for Defendants Lavazza Premium Coffees Corp. and Luigi Lavazza S.p.A. (collectively, "Defendants"), and Defendants consent to this motion.

    Plaintiff filed this action on January 14, 2022 asserting claims for, *inter alia*, breach of contract. (ECF No. 1.) The contract at issue is a written agreement entered into by the Parties on or about September 23, 2020 (the "Agreement"). The Agreement includes a provision requiring the Parties to keep the Agreement confidential. Since the Complaint includes a claim for breach of the Agreement, it necessarily describes and reproduces many of its terms, which were redacted from the publicly filed version of the Complaint. Filing an unsealed, unredacted version of the Complaint would disclose those terms publicly, violating the Agreement's confidentiality provision.

    In reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020); *see also Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). One factor that weighs against disclosure is privacy interests, such as the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). This Court has sealed judicial documents where such confidential business information would be disclosed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material

concerning the defendants' marketing strategies, product development, costs and budgeting"); *Living Abroad LLC v. World Trade Resource, Inc. et al.*, No. 7-18-cv-00595 (S.D.N.Y. Jan. 23, 2018), ECF No. 4 (granting motion to seal agreements containing commercially sensitive information).

Here, the Agreement includes a confidentiality provision forbidding public disclosure of its terms, and Defendants have confirmed that they wish to maintain the terms as confidential. At the same time, Plaintiff would be prejudiced if it was unable to reference the terms of the Agreement in bringing its breach of contract claim.

For the above reasons, Plaintiff respectfully requests that this motion to seal be granted.

Respectfully submitted,

*s/ Mark Berkowitz*

Mark Berkowitz

cc: All Counsel of Record

**APPLICATION DENIED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**   01/26/2022

Application Denied without prejudice. The letter motion cites only a confidentiality provision in a contract as the basis for sealing. "Confidentiality agreements alone are not an adequate basis for sealing, however." Dentons US LLP v. Zhang, 21 Misc. 462, 2021 WL 2187289, at *1 (S.D.N.Y. May 28, 2021) (collecting cases); cf. GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing for sealing where "documents" in question "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting."). Accordingly, I have no basis for making the "specific, on the record findings" required for "judicial documents" to be "sealed." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Plaintiff may renew the request to seal by filing a letter on or before February 2, 2022 that states a permissible basis for sealing the document in question or that proposes appropriate redactions in accordance with my individual rules.