UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                          :
CT ESPRESSO LLC,                                   :

                            Plaintiff,             :
                                                         :                  22-CV-377 (VSB)
                -against-                      :
                                                         :                      **ORDER**
LAVAZZA PREMIUM COFFEES CORP.,   :
LUIGI LAVAZZA S.P.A., and JOHN DOES 1-:
10,                                                        :
                                                         :
                           Defendants.  :
                                                        :
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

       This is a breach of contract action arising from a settlement agreement between the parties. (Doc. 1.) On January 26, 2022, I denied a request to file an unredacted version of the Complaint and a supporting exhibit—a confidential settlement agreement (the "Agreement")—under seal. (Doc. 12.) This denial was without prejudice. (*Id.*) I explained that "[c]onfidentiality agreements alone are not an adequate basis for sealing," (*id.* (citation omitted)), and I stated the parties could renew their request, but that they had to provide an explanation that allowed me to "mak[e] the 'specific, on the record findings' required for 'judicial documents' to be 'sealed,'" (*id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).)

       On February 2, 2022, Plaintiff filed a new letter motion for sealing and said Defendants would file their own "letter explaining the basis for sealing the redacted portions of the Complaint and . . . the Agreement." (Doc. 14.) In their letter filed that same day, Defendants wrote that the Agreement "resolve[d] a dispute concerning [Defendants'] claims that [Plaintiff] failed to pay certain invoices and was infringing [Defendants'] trademark rights and selling gray

market goods." (Doc. 16.) Defendants say the Agreement provides for "certain payment obligations and obligations with respect to interactions with Amazon and CT Espresso's importation of Lavazza goods into the U.S." (*Id.*) From this, Defendants argue that "[t]he public disclosure of such information would place Lavazza at a competitive disadvantage with other customers and resellers because it would reveal Lavazza's confidential agreement with another customer concerning Lavazza's products and intellectual property." (*Id.*)

Defendants' argument is insufficient, and the request to file the Complaint and Agreement under seal is once again DENIED without prejudice. Defendants' reasoning is both circular and conclusory: it equates, without explanation, the disclosure of a "confidential agreement" with the sort of "disclosure" that might place a party "at a competitive disadvantage." (*Id.*) Moreover, Defendants have not pointed to what parts of the Agreement, if revealed, would put them at a competitive disadvantage, or explain how any particular parts of the Agreement, if revealed, would place them at a competitive disadvantage. I thus do not understand how disclosure of the Agreement could result in a competitive disadvantage for Defendants, and thus I cannot make the "specific, on the record findings" required for "judicial documents" to be "sealed." *Lugosch*, 435 F.3d at 120.

The parties may renew their request to seal by filing a letter motion on or before February 11, 2022. If they do renew their request to seal, they must provide a cogent explanation, supported by case law applicable to the facts at issue in this case, as to why sealing is appropriate here. This will be the parties' last opportunity to seek sealing of these documents.

The parties are strongly encouraged to consider proceeding either by filing the unredacted Complaint and Agreement in public form or by agreeing to arbitrate their dispute in a forum lacking the strong "right[s] of public access . . . firmly rooted in our nation's history" that apply in an Article III court. *See Lugosch*, 435 F.3d at 119 (citation omitted).

      The Clerk of Court is directed to close the open motion at docket number 14.

SO ORDERED.

Dated:    February 3, 2022
             New York, New York

                                                VERNON S. BRODERICK
                                                United States District Judge