

May 18, 2022

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Lisa A. Ferrari**
Direct Phone  212-297-2699
Direct Fax      646-588-1459
lferrari@cozen.com

By May 23, 2022, Plaintiff may file a responsive letter of no more than three pages.

SO ORDERED:

*[signature]* 05/19/22
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re:   *CT Espresso LLC v. Lavazza Premium Coffees Corp. et al.*, No. 1:22-cv-377-VSB

Dear Judge Broderick:

We are counsel to Lavazza Premium Coffees Corp. and Luigi Lavazza S.P.A. (together, "Lavazza"), defendants in the above-referenced action. Pursuant to Rules 1(A) and 4(F) of the Court's Individual Rules and Practice in Civil Cases, Lavazza seeks an Order staying discovery, including the Rule 26(f) conference, until resolution of Lavazza's pending and fully-briefed partial motion to dismiss [ECF Nos. 25, 26] ("Lav. Brief" or the "Motion"). The parties participated in a telephonic meet and confer yesterday concerning Lavazza's proposed motion and were unable to resolve the dispute.

This case concerns allegations by plaintiff CT Espresso ("CT Espresso" or "Plaintiff") that Lavazza breached a settlement agreement between the parties when a Lavazza employee reported to Amazon that CT Espresso was selling counterfeit Lavazza products on the platform. Although Lavazza thereafter withdrew the report after conducting further investigation, CT Espresso filed a Complaint on January 14, 2022 [ECF No. 1], alleging breach of contract, defamation, and trade libel. Lavazza filed a partial motion to dismiss on March 22, 2022 [ECF Nos. 26, 27], which seeks on various grounds to dismiss the defamation and trade libel counts.

The court has not yet indicated whether it intends to schedule oral argument on Lavazza's motion to dismiss. Also, the parties have not yet held a Rule 26(f) conference; the court has not yet issued a Notice of Initial Pretrial Conference; and no discovery has commenced.[1]

Considering the preliminary stage of the case, the strong possibility that the trade libel and defamation counts will be dismissed, the burden on Lavazza were discovery to proceed on the

---

[1]  On May 18, 2022, CT Espresso served an initial set of Requests for Documents on Lavazza, after having served a proposed Rule 26(f) Report on Lavazza minutes before the parties' meet and confer on Lavazza's proposed motion to stay. Lavazza advised CT Espresso during the meet and confer that if its motion to stay were denied, Lavazza would promptly participate in a Rule 26(f) conference. CT Espresso appears incorrectly to maintain that a Rule 26(f) conference has been held and that discovery has commenced.

3 WTC   175 Greenwich Street   55th Floor   New York, NY 10007
212.509.9400   800.437.7040   212.509.9492 Fax   cozen.com

LEGAL\57941828\1

Hon. Vernon S. Broderick
May 18, 2022
Page 2

_____

tort claims, and the lack of prejudice to CT Espresso, Lavazza seeks a stay of discovery until the court renders a decision on Lavazza's motion.

Under Fed. R. Civ. P. 26(c), a court may, "for good cause," issue an order staying discovery. "[A] pending decision on a motion to dismiss may constitute 'good cause'" under the rule. *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); *see also Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) (Broderick, J.) (granting motion to stay in view of pending motion to dismiss); *605 Fifth Prop. Owner, LLC v. Abasic, S.L.*, No. 21-CV-811 (VSB), 2021 WL 2737391, at *4 (S.D.N.Y. June 30, 2021) (Broderick, J.) (granting motion to stay pending resolution of appeal in related case); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay pending outcome of motion to dismiss). A court determining a request for a stay "should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation and quotation marks omitted). Each of these factors weighs in favor of a stay.

**I.      Lavazza's Motion To Dismiss Will Likely Result in The Dismissal Of Plaintiff's Claims For Defamation And Trade Libel**

With respect to the "strength of the motion" factor, the party seeking a stay "must demonstrate 'substantial arguments for dismissal.'" *Id.* at *2 (quoting *O'Sullivan*, 2018 WL 1989585, at *4); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266, *2 (S.D.N.Y. Nov. 17, 2015) (stay warranted where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss"); *Richards v. N. Shore Long Island Jewish Health Sys.*, 2011 WL 4407518, *2 (E.D.N.Y. Sept. 21, 2011) (stay issued where defendants made "an adequate showing that plaintiff's claims are of questionable merit"); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73 (S.D.N.Y. 2013) (stay warranted where there was "strong showing that [the movant] [was] likely to succeed on the merits" of its motion to dismiss).

Here, there is a substantial basis for dismissal of CT Espresso's claims of defamation and trade libel on the grounds that they are barred by New York's litigation privilege and the Noerr-Pennington Doctrine. *See* Lav. Mot. at 6-15 [ECF No. 26]; Lavazza Reply Brief at 4-10 [ECF No. 28]. There are clearly substantial grounds for the application of these doctrines and there is no precedential case law holding that they do not apply.

At a minimum, there are substantial grounds for the dismissal of CT Espresso's trade libel claim due to CT Espresso's failure to allege malice and special damages. Lavazza cited to binding Second Circuit case law requiring detailed allegations of special damages and supporting the argument that a plaintiff cannot allege malice with only conclusory allegations. In response, CT Espresso did not cite a single case holding that the failure to allege special damages could survive a motion to dismiss, a clear acknowledgement of the weakness of the opposition. *See* Opp. Brief, at 19-20 [ECF No. 27].

**II.     The Anticipated Discovery on the Defamation and Trade Libel Claims Will be Extremely Broad, Burdensome and Potentially Unnecessary.**

_____

Discovery on the trade libel and defamation claims is likely to be extremely broad, unduly burdensome and, if the claims are dismissed, unnecessary.

Whereas discovery on the breach of contract claim will likely focus on the contents and interpretation of the settlement agreement, discovery on the trade libel and defamation claims will be much more involved and will likely concern Amazon's policies and procedures for reporting counterfeit goods, the specific statements that were made to Amazon and by whom; and the issues of Lavazza's knowledge and intent in filing the reports. This discovery would likely include discovery from the individual who filed the complaints, and perhaps Amazon, among others, and would be entirely unnecessary and time-consuming were the motion to dismiss to be granted. *See HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 2020) (staying discovery pending a motion to dismiss, reasoning that "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden" on the defendants where the motion raised "viable grounds" for dismissal) (internal citations omitted). The disposition of the dismissal motion may significantly narrow, if not eliminate, the tort claims in this case, and so allowing discovery to proceed would constitute an undue burden on Lavazza.

Also, since Lavazza has not yet answered the Complaint on the breach of contract claim (as well as on the counts on which it has moved to dismiss), it is not yet known what defenses or counterclaims Lavazza may raise in response to the Complaint. Allowing discovery to proceed under these circumstances is not only burdensome, but inefficient.

### III. Plaintiff Will Not Suffer Prejudice from a Brief Stay.

Last, CT Espresso would not suffer unfair prejudice from a brief stay of discovery. Critically, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan*, 2018 WL 1989585, at *9.

The Complaint here was filed on January 14, 2022. The relatively early stage of the case – in which discovery has not yet commenced -- further underscores the absence of any unfair prejudice to CT Espresso from the issuance of a stay. *See Spinelli*, 2015 WL 7302266, at *2 (finding no prejudice from stay in nearly two-year old case, reasoning that "with the viability of the . . . Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice"); *Shulman*, 2018 WL 4938808, at *4 (finding no prejudice from stay pending motion to dismiss where case was "not even a year old"); *HaHa Global, Inc.,* 2020 WL 832341, at *1 (finding that stay of discovery would not unfairly prejudice Plaintiff where motions to dismiss "already have been filed and, thus, any stay would last briefly") (internal citations omitted).

Further, other than the "John Doe" defendants, there are no defendants than Lavazza in the case. Granting Lavazza's request for a stay will thus not hinder the progress of discovery as a whole, or risk divergent discovery schedules, inasmuch as no other defendant has been named or is participating in the case.

\*   \*   \*

For at least the above reasons, Lavazza respectfully requests that the Court stay discovery, including the Rule 26(f) conference, pending the resolution of Lavazza's partial motion to dismiss.

Hon. Vernon S. Broderick
May 18, 2022
Page 4

_____

Respectfully submitted,

COZEN O'CONNOR

*/s/ Lisa A. Ferrari*

Lisa A. Ferrari

Cc:  Counsel of Record (via ECF)

LEGAL\57941828\1