UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                   :
CT ESPRESSO LLC,                                   :
                                                   :
                              Plaintiff,           :
                                                   :              22-CV-377 (VSB)
            -against-                              :
                                                   :         **OPINION & ORDER**
LAVAZZA PREMIUM COFFEES CORP.,                     :
LUIGI LAVAZZA S.P.A., and JOHN DOES 1-             :
10,                                                :
                                                   :
                              Defendants.          :
                                                   :
-------------------------------------------------------- X

Appearances:

Sandra Adele Hudak
Mark Berkowitz
Tarter Krinsky & Drogin LLP
New York, New York
*Counsel for Plaintiff*

Lisa Ann Ferrari
Keren Goldberger
Cozen O'Connor
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Before me is Defendants' letter motion to stay discovery pending resolution of their

motion to dismiss some but not all of Plaintiff's claims.  Because the pending motion to dismiss

is not dispositive, and because discovery sought is likely relevant to all claims, not only to the

claims Defendants seek to have dismissed, the letter motion to stay discovery is DENIED.

I.      **Relevant Background and Procedural History**

This action arises from a settlement agreement between the parties regarding Plaintiff's selling of certain coffee products.  (Doc. 1; Doc. 22 ("Compl.").)[1]  Plaintiff alleges that Defendants breached the settlement agreement, and committed defamation and trade libel against it, by having "submitted at least seven false reports to Amazon stating that Plaintiff was selling 'counterfeit' . . . products," and thus that Defendants caused "Amazon [to] suspend[] Plaintiff's [merchant] account during the busiest time of the year."  (*See* Compl. ¶¶ 4–5, 89–124 (asserting claims for breach of contract, defamation, and trade libel).)  Plaintiff alleges that "Defendants disregarded the Agreement" by making "false allegations" to Amazon.  (*Id.* ¶ 42.)

On March 22, 2022, Defendants filed a partial motion to dismiss seeking an order dismissing Plaintiff's defamation and trade libel claims (the "Partial MTD").  (Doc. 25.)  That motion remains pending.

On May 18, 2022, Defendants filed a letter motion seeking to stay discovery pending resolution of the Partial MTD (the "Stay Motion").  (Doc. 33.)  On May 23, 2022, Plaintiff filed a letter opposing the Stay Motion.  (Doc. 35.)

II.     **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(c), "upon a showing of good cause a district court has considerable discretion to stay discovery."  *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).  If a motion to dismiss is pending, "courts typically consider several factors in

---

[1] On February 11, 2022, Plaintiff filed a version of its Complaint with more limited redactions than the redactions it included in the version of the Complaint it originally filed.  (Doc. 20 (letter in which Plaintiff explains that it has "reduced the redactions requested").)

determining whether to stay discovery; including:  (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Emp'rs' Pension Fund v. Atl. Recording Corp.*, 1:15-cv-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (internal quotation marks omitted); *see also Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) ("Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." (citation omitted)).  "[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed."  *In re Currency Conversion Fee Antitrust Litig.*, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).

###        III.    Discussion

On the first factor of the merits of Plaintiff's claims, courts tend to consider whether the "resolution of [the pending motion to dismiss] may dispose of the entire action."  *See, e.g.*, *Elhassa v. Hallmark Aviation Servs., L.P.*, 21-cv-9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (quoting *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 278 (S.D.N.Y. 2006) ("[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion" (citation omitted)); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73–74 (S.D.N.Y. 2013) (granting motion for a stay after recounting pending arguments for why the court lacked subject matter jurisdiction over the action); *see also Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021)

(granting a stay where a "motion to dismiss" was "potentially dispositive" (citation omitted)).

Here, Defendants have moved to stay all discovery, but they have only filed their Partial MTD.  In other words, they "d[id] not move for dismissal of the complaint in its entirety." *Elhassa*, 2022 WL 563264, at *2 (denying motion for a stay).  There is thus no pending motion that potentially disposes of this entire action.

Second, as to the breadth of discovery and the possibility of prejudice, it is useful to consider whether "the nature of . . . discovery will be fundamentally different from the discovery that Plaintiff would take" if a pending motion to dismiss is granted.  *See Cambridge Cap. LLC v. Ruby Has LLC*, 20-cv-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (denying motion to stay discovery while a motion to dismiss counterclaims was pending because "[t]he complaint and counterclaims arise out of the same set of operative facts").  Here, discovery will largely be the same regardless of how I resolve the Partial MTD.  Plaintiff's claims all arise from the alleged false reports Defendants made to Amazon.  (*See* Compl. ¶¶ 4–5, 42.)  The settlement agreement at issue in Plaintiff's breach of contract claim includes a provision purporting to bar one of the Defendants from "fil[ing] . . . complaints or notices [with] Amazon" regarding the goods Plaintiff sells.  (*Id.* ¶ 30.)  Thus, resolution of the partial MTD will not prevent Defendants from being subject to discovery into the circumstances around their alleged reports to Amazon. *Cf. Alapaha View*, 2021 WL 1893316, at *2 (granting stay where "the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case." (citation omitted)).

IV.   <u>**Conclusion**</u>

For the foregoing reasons, Defendants' Stay Motion is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 33.

SO ORDERED.

Dated: May 24, 2022
        New York, New York

Vernon S. Broderick
United States District Judge