```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CT ESPRESSO LLC,                                            :
                                                            :
                                  Plaintiff,                :
                                                            :          22-CV-377(VSB)
                  -against-                                 :
                                                            :               ORDER
LAVAZZA PREMIUM COFFEES CORP.,                              :
LUIGI LAVAZZA S.P.A., and JOHN DOES 1-                      :
10,                                                         :
                                                            :
                                  Defendants.               :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on January 14, 2022, (Doc. 1), and Plaintiff filed a version of the Complaint with more limited redactions on February 11, 2022, (Doc. 22 ("Compl.").) According to the Complaint, "Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, with a place of business" in "Florida." (Compl. ¶ 6.)[1] Plaintiff alleges that Defendant Lavazza Premium Coffees Corp. is a Delaware corporation with a principal place of business in New York, and that Defendant Luigi Lavazza S.p.A. is "a business entity organized and existing under the laws of Italy, with a principal place of business" in "Italy." (*Id.* ¶¶ 6–8.) Plaintiff alleges that I have subject matter jurisdiction over this action through the diversity of citizenship statute, 28 U.S.C. § 1332. (*Id.* ¶ 8.)

      Federal district courts are courts of limited jurisdiction and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). "Although neither party has

---

[1] The Complaint repeats some paragraph numbers and has two paragraphs numbered "6" and two paragraphs numbered "8." (Compl. at 2.)

raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the diversity of citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a). Corporations are citizens of every state in which they are incorporated and have their principal places of business. *See* § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," meaning its "actual center of direction, control, and coordination"). By contrast, "a limited liability company has the citizenship of its membership" "for purposes of diversity jurisdiction." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (citation omitted); *see also Ocean Units LLC v. Ill. Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) ("[T]he citizenship of an unincorporated association like a limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes the citizenship of each of its members."). There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration,

citations, and internal quotation marks omitted).  For the purposes of the diversity of citizenship statute, "[i]n general, the citizenship of a limited liability company is determined by the citizenship of each of its members," and the operation of this "rule" means that a "[c]omplaint is deficient [if] it contains no allegations as to the identity or citizenship of [an LLC]'s members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).  Thus, "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases).

Here, although Plaintiff pleads that it is a "corporation," (Compl. ¶ 6), Plaintiff's name indicates that it is not a corporation, but a limited liability company, or "LLC," as does a record search of Connecticut's official public records on businesses.  *See* onlineBusinessSearch, CT.gov, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=yU5Rv1SuwcCms7oPEbO6y29yF295KskEEMxJIL4F4dQ%3D.[2]  Plaintiff does not allege the citizenship of its members, which is its obligation when invoking federal diversity jurisdiction.  *See M Remodeling*, 444 F. Supp. 3d at 410.

Accordingly, it is hereby

ORDERED that within 14 days of this Order, Plaintiff must file an amended complaint curing the jurisdictional defects identified in this Order.  Along with this amended complaint,

---

[2] A court may "decide issues of fact" relevant to its jurisdiction "by reference to evidence outside the pleadings." *See APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (citation omitted).  Further, I may properly take judicial notice of this sort of public record.  *Magnoni v. Smith & Laquercia*, 483 F. App'x 613, 616 (2d Cir. 2012) ("The Federal Rules of Evidence permit a court to take judicial notice sua sponte, and at any stage of a proceeding, of a fact 'not subject to reasonable dispute' that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))); *Weiss v. Sherloq Revenue Sols., Inc.*, No. 19-cv-7103 (NSR), 2021 WL 965810, at *4 (S.D.N.Y. Mar. 12, 2021) ("the Court is entitled to take sua sponte judicial notice of these public records as the filing of articles of incorporation is not a controversial fact." (citing *Kaggen v. I.R.S.*, 71 F.3d 1018, 1022 (2d Cir. 1995)).

Plaintiff must file a letter of no more than two pages that explains how the allegations establish my subject matter jurisdiction. Failure to do so will result in dismissal of this action.

SO ORDERED.

Dated:   June 21, 2022
         New York, New York

*Vernon Broderick*
VERNON S. BRODERICK
United States District Judge