# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (this "Agreement" or "Settlement Agreement") is entered into between Luigi Lavazza S.p.A. and Lavazza Premium Coffee Corp. (collectively as "Lavazza"), on one side, and CT Espresso ("CT"), on the other side. Lavazza and CT are collectively referred to as the "Parties" herein. This Agreement is effective as of the last date by which all Parties have executed the Agreement ("Effective Date").

WHEREAS, Lavazza is a manufacturer and distributor of coffee products;

WHEREAS, Lavazza is the owner of multiple U.S. Trademark Registrations for LAVAZZA for coffee, including Registration No. 1201336;

WHEREAS, CT is in the business of reselling coffee products through various channels, including its online store and the Amazon Marketplace;

WHEREAS, CT purchased LAVAZZA-branded coffee products from Lavazza for resale in 2018 and 2019;

WHEREAS, Lavazza claims that CT failed to pay for the invoices enumerated in Exhibit A;

WHEREAS, in or around August, 2019, Lavazza became aware that CT was selling LAVAZZA-branded coffee products on Amazon as third party seller RLM Coffee;

WHEREAS, Lavazza alleges that, after conducting a verified purchase from CT as RLM Coffee, it determined that certain coffee products sold by CT as RLM Coffee were gray market goods;

WHEREAS, on August 22, 2019, Lavazza filed Complaint No. 6382359351 on the Amazon Project Zero platform against the product associated with the Amazon Standard Identification Numbers ("ASIN") B07GCQZQTW (the "Amazon Complaint");

WHEREAS, in or around September 2019, Lavazza became aware that CT was selling LAVAZZA-branded products on its website at www.ctespresso.com that it alleges were (1) not sourced from Lavazza; and/or (2) offered in variety packs of CT's own packaging;

WHEREAS, by letters dated October 2, 2019 and December 19, 2019, Lavazza demanded that CT (1) pay all outstanding invoices and (2) cease and desist from infringing Lavazza's trademark rights and from selling grey market goods; and

WHEREAS, CT denies Lavazza's allegations and denies any wrongdoing; and

WHEREAS, the Parties have entered good faith negotiations and desire and intend to amicably resolve all disputes between them.

NOW, THEREFORE, in consideration of the promises, terms and conditions set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby mutually agree as follows:

1.    Recitals. All of the above recitals are hereby incorporated into the body of this Agreement and are acknowledged by the Parties to be accurate and binding.

2.    Settlement Terms.

(a) Payment to Lavazza. Within seven (7) days of the Effective Date of this Agreement, CT shall pay Lavazza the sum of Ninety Thousand Dollars ($90,000.00) (the "Settlement Sum") by delivering two certified checks or cashier's checks made payable to Lavazza Premium Coffee Corp. in the amount of Fifty-Eight Thousand and Five-Hundred Dollars ($58,500.00) (first check) and Thirty-One Thousand and Five-Hundred Dollars ($31,500) (second check) to John L. Cordani, Esq., at Robinson + Cole, 280 Trumbull Street, Hartford, CT 06103-3597. Delivery of CT's settlement check shall be via FedEx overnight mail. The first of CT's two settlement checks in the amount of Fifty-Eight Thousand and Five-Hundred Dollars ($58,500) shall be transferred to Lavazza Premium Coffees Corp., via FedEx overnight mail, the first business day after Lavazza's request to withdraw the Amazon Complaint is sent to Amazon, as defined in section 2(b), the date of which shall be the Payment Date. The second of CT's two settlement checks in the amount of Thirty-One Thousand and Five-Hundred Dollars ($31,5000) shall be transferred to Lavazza Premium Coffees Corp. via FedEx overnight mail, the first business day after the restoration of CT's Amazon account #794141485 (the "Amazon Account") to active service, as defined in section 2(b). In the event that the check is not delivered to CT's counsel within seven (7) days of the Effective Date, this Agreement shall be null and void in its entirety and the parties shall be restored to their respective positions immediately prior to the execution of this Agreement.

(b) Withdrawal of the Amazon Complaint and Restoration of Amazon Account. In consideration of the promises and covenants contained in this Agreement, Lavazza will withdraw the Amazon Complaint within ten (10) days of the Effective Date of this Agreement. Lavazza will copy CT and its counsel on its withdrawal of the Amazon Complaint. Lavazza agrees to cooperate with CT in good faith and to use commercially reasonable efforts to accomplish the restoration of the Amazon Account, however, CT's obligation to pay the first settlement check in the amount of Fifty-Eight Thousand and Five-Hundred Dollars ($58,500) is not contingent upon Amazon restoring the Amazon Account to active service or Amazon relisting the subject goods. If Amazon does not restore the Amazon Account to active service and relist the subject goods, CT shall have no obligation to remit the second settlement check in the amount of Thirty-One Thousand and Five-Hundred Dollars ($31,500), and Lavazza shall have the option of either (a) returning the first settlement check in the amount of Fifty-Eight

Thousand and Five-Hundred Dollars ($58,500) and cancelling this Agreement; or (b) keeping the first settlement check in the amount of Fifty-Eight Thousand and Five-Hundred Dollars ($58,500) and affirming the remainder of this Agreement. CT hereby represents and warrants that (i) there are no prior or current complaints pending against CT, or any other names that it operates under, on Amazon, (ii) there are no other facts or circumstances related to CT's business other than the matters being settled hereunder that may result in Amazon not restoring the Amazon Account to active service, and (iii) that the subject Amazon Account is the only Amazon account under which they have sold LAVAZZA-branded coffee products. CT shall also provide an accounting of its current inventory of LAVAZZA-branded coffee products that do not identify Lavazza Premium Coffees Corp. as Lavazza's U.S. Distributor.

(c) <u>Information from CT.</u> Within ten (10) days of the Effective Date of this Agreement, CT shall provide an actual invoice that is representative of its transaction with the source or sources from which CT obtained Lavazza-branded coffee products, including but not limited to Lavazza BLUE capsules.

(d) 

(e) <u>Sell Through of Existing Inventory.</u> Notwithstanding the prohibitions of Section 4 above, CT may continue to sell-through its current inventory of LAVAZZA-branded coffee products, identified under section 5(a), until three (3) months from the Effective Date.

(f) <u>No Further Action Against CT Espresso.</u> Lavazza agrees that it will file no further complaints, actions, or other adverse notices relating to the matters that are the subject of this Agreement against CT or its online outlets, including RLM Coffee and including such complaints or notices to Amazon, so long as CT fully complies with the terms of this Agreement.

3.    <u>No Admission of Liability.</u> The Parties expressly acknowledge and agree that this amicable resolution has been negotiated in good faith, and that in settling this matter, CT and Lavazza, together with their present and past officers, employees, affiliates, representatives, servants, agents and contractors makes no admission of any liability or wrong-doing in any fashion, and that no Party shall be deemed a prevailing party for any purpose.

4.    <u>Mutual Release.</u> Provided that CT has satisfied the Settlement Terms under this Agreement, effective ninety (90) days after the Payment Date, Lavazza hereby releases and

discharges CT, its affiliates, officers, employees, agents, assigns and its subsidiaries, from any and all claims, causes of action, rights, liabilities or damages, known or unknown, arising within the United States or elsewhere that were or could have been asserted as of the Effective Date of this Agreement, other than the obligations arising under the terms of this Agreement . Likewise, provided that Lavazza has satisfied the Settlement Terms under this Agreement, effective ninety (90) days from the Payment Date, CT hereby releases and discharges Lavazza from any and all claims, causes of action, rights, liabilities or damages, known or unknown, arising within the United States or elsewhere that were or could have been asserted as of the Effective Date of this Agreement, other than the obligations arising under the terms of this Agreement. If, however, in a bankruptcy proceeding or otherwise, Lavazza is required to disgorge any payments made to it hereunder, Lavazza's release of CT, its affiliates, officers, employees, agents, assigns and its subsidiaries shall be void and of no effect.

5.     Confidentiality. The existence, terms, conditions and provisions of this Agreement shall be confidential, except as required by law. Except as required under this Agreement, neither party to this Agreement nor their respective counsel shall initiate any contact with any third party concerning any aspect of this Agreement. Likewise, neither party to this Agreement nor their respective counsel shall disclose, publicize or comment upon to any person or entity not a party to this Agreement, any of the terms, conditions or provisions of this Agreement, unless required to do so by law, a court order, or as required under this Agreement. Specifically, if questioned, the Parties and their respective counsel can only respond with statements confirming the Parties have amicably resolved their differences. Nothing in this paragraph shall be construed to prevent a party from disclosing the terms of this Agreement to their tax advisors, legal advisors, accountants, insurance carriers and tax authorities.   The Parties shall cooperate and take such reasonable measures as are necessary to protect the confidentiality of the terms of this Agreement. Notwithstanding the foregoing, either Party may use this Agreement in a lawsuit or dispute between the Parties regarding compliance with or breach of this Agreement; in any such lawsuit, each Party shall request that the Court maintain this Agreement as confidential.

6.     Notice. Any notice to be given under this Agreement shall be in writing and shall be delivered to the Parties, as follows:

| If to CT: | If to Lavazza: |
|---|---|
| CT Espresso LLC | Lavazza Premium Coffees Corp. |
| c/o John Cordani | 120 Wall Street |
| Robinson & Cole LLP | 27th Floor |
| 280 Trumbull Street | New York, NY  10005 |
| Hartford, CT 06103 | Attention: Luca Mattone, CFO |
|  | Fax No.: 212-725-9475 |

7.     Governing Law and Venue. Any dispute arising under this Agreement shall be filed solely in the federal courts of the United States or the courts of the State of New York, in each case located in the city of New York and Borough of Manhattan, and the Parties hereby irrevocably consent to the jurisdiction of and venue in such federal or state courts. This Agreement shall be

LEGAL\48032642\1

governed by the laws of the United States and the State of New York without regard to conflict of law principles.

8.     This Agreement supersedes any and all previous agreements, negotiations and understandings between the Parties pertaining to the subject matter hereof, and this instrument comprises the complete and final expression of the rights, obligations, duties and undertakings of the Parties and sets forth all consideration, covenants, undertakings and inducements pertaining hereto.

9.     This Agreement may be modified only in writing, signed by the duly authorized representatives of both Parties. This Agreement shall be construed as if the Parties have jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one party.

10.     In the event that any portion of this Agreement shall, for any reason, be held invalid or unenforceable, it is agreed that the same shall be modified to the extent possible to accomplish the most similar purpose in a legally enforceable manner and shall not affect any other portion of this Agreement, but that the remaining covenants and restrictions or portions thereof shall remain in full force and effect. Waiver of any breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

11.     This Agreement and all rights, duties, obligations and undertakings shall be binding upon, shall inure to the benefit of and shall be enforceable by and against the respective officers, directors, representatives, agents, employees, affiliates, heirs, beneficiaries, successors and assigns of the Parties.

12.     Each Party shall, without further consideration, execute any and all additional documents and take such further action as may be requested to effect the terms of this Agreement.

13.     This Agreement may be executed in several counterparts and as so executed shall constitute one agreement and shall be binding upon both Parties, notwithstanding that the signatures of both Parties do not appear on the same page. Facsimile and electronic copies shall have the full force and effect as the original.

14.     Each Party shall bear its own attorneys' fees and costs associated with this Agreement.

IN WITNESS WHEREOF, the duly authorized representative of each of the Parties has executed the above and foregoing Agreement.

Acknowledged and agreed to by:

LUIGI LAVAZZA S.P.A                      CT ESPRESSO

Date: Turin, 22ⁿᵈ September 2020   Date: Oct 1, 2020

Signature: _____   Signature: _____

Name: ___LUIGI LAVAZZA S.p.A.___   Name: Rosario Minnocci
        Simona Musso
Title: ___(General Counsel)___   Title: CEO

LAVAZZA PREMIUM COFFEE CORP.

Date: 09 / 23 / 2020

Signature: _____

Name: LUCA MATTONE

Title: CFO