```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
CT ESPRESSO LLC,                       :
                                       :
                        Plaintiff,     :
                                       :        22cv377 (DLC)
             -v-                       :
                                       :        OPINION AND ORDER
LAVAZZA PREMIUM COFFEES CORP., LUIGI   :
LAVAZZA S.P.A., and JOHN DOES 1-10,    :
                                       :
                        Defendants.    :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff:
Sandra Adele Hudak
Mark Berkowitz
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018

For defendants:
Lisa Ann Ferrari
Keren Goldberger
Cozen O'Connor
3 WTC
175 Greenwich Street
56th Floor
New York, NY 10006

DENISE COTE, District Judge:

     Plaintiff CT Espresso LLC ("CT Espresso") has brought this

suit against Lavazza Premium Coffees Corp. ("Lavazza USA"),

Luigi Lavazza S.p.A. ("Lavazza Italy," together "Lavazza") and

John Does 1-10 for inaccurately reporting to Amazon.com that the

plaintiff was selling a counterfeit version of the defendants'

coffee.  The defendants have moved to dismiss all of the
plaintiff's claims except for its claim for breach of contract.
For the following reasons, the motion is granted.

**Background**

Unless otherwise noted, the following facts are taken from
the First Amended Complaint ("FAC") and exhibits attached
thereto, and are assumed to be true for the purposes of this
motion.  Lavazza Italy manufactures coffee products, which
Lavazza USA distributes in the United States.  CT Espresso
purchases and resells Lavazza's coffee products through its
Amazon.com ("Amazon") storefront, RLM Coffee.

In 2018 and 2019, CT Espresso purchased Lavazza products
for resale directly from the defendants.  The parties thereafter
had a dispute over the payment of certain invoices and the
unauthorized sale of certain products.  The parties resolved the
dispute through a settlement agreement, pursuant to which
Lavazza agreed that it would "file no further complaints,
actions, or other adverse notices" relevant to their dispute
"against CT [Espresso] or its online outlets, including RLM
Coffee and including such complaints or notices to Amazon, so
long as CT [Espresso] fully complies with the terms of this
Agreement."

In November of 2021, the defendants placed an order from
the RLM Coffee storefront in order to confirm the authenticity

of the Lavazza-branded coffee being sold there.  The coffee was authentic.  Nevertheless, the defendants submitted seven reports to Amazon (the "Amazon Complaints") asserting that RLM Coffee was selling counterfeit Lavazza products.  CT Espresso then contacted Lavazza to demand withdrawal of the Amazon Complaints. Lavazza made a settlement offer, which it then quickly withdrew. CT Espresso again demanded withdrawal of the Amazon Complaints, as well as compensation for damage caused.  On November 24, 2021, Lavazza withdrew the Amazon Complaints, explaining to CT Espresso that it had verified the authenticity of the products after a "second level check."

While the Amazon Complaints were pending, Amazon suspended CT Espresso's account, preventing it from making sales. Additionally, since the Amazon Complaints were filed, the RLM Storefront has lost the "buy box" -- a section of Amazon's product details page in which customers can add a product to their cart, and through which the vast majority of sales on Amazon occur.  CT Espresso alleges that it has suffered over $300,000 in damages due to lost sales, expired product, and loss of the buy box.

CT Espresso filed this action on January 14, 2022 before the Honorable Vernon S. Broderick, bringing claims for breach of contract, defamation, and trade libel.  On March 22, the

defendants moved to dismiss the claims for defamation and trade libel.  That motion became fully submitted on April 12.

On June 21, Judge Broderick ordered CT Espresso to file an amended complaint to cure deficiencies in the original complaint's jurisdictional allegations.  CT Espresso submitted the FAC on July 5, remedying the jurisdictional defects and adding a claim for tortious interference with a contract and business relations.[1]  The defendants submitted a renewed motion to dismiss on August 2, moving to dismiss the plaintiff's claims for defamation, trade libel, and tortious interference.  The case was transferred to this Court on August 17.  The motion became fully submitted on August 23.

## Discussion

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face."  Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076–77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.  The plaintiff is a limited liability company owned by two residents of Florida, defendant Lavazza USA is a Delaware corporation with its principal place of business in New York, and defendant Lavazza Italy is an Italian corporation with its principal place of business in Italy.

factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir.
2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).
"In determining if a claim is sufficiently plausible to
withstand dismissal," a court "accept[s] all factual allegations
as true" and "draw[s] all reasonable inferences in favor of the
plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010
(2d Cir. 2021) (citation omitted).

    I.   Defamation and Trade Libel

    CT Espresso has brought claims for defamation and trade
libel.  Although defamation and trade libel provide similar
causes of action, they apply to different kinds of statements.
Defamation imposes liability on false statements "of and
concerning" the plaintiff.  Three Amigos SJL Rest., Inc. v. CBS
News Inc., 28 N.Y.3d 82, 86 (2016).[2]  Trade libel, on the other
hand, imposes liability on false statements "about the
plaintiff's business of a kind calculated to prevent others from
dealing with the plaintiff."  Banco Popular N. Am. v. Lieberman,
905 N.Y.S.2d 82, 85 (1st Dep't 2010).

---

[2] The parties' briefs assume without discussion "that New York
Law controls, and such implied consent is sufficient to
establish choice of law."  Chau v. Lewis, 771 F.3d 118, 126 (2d
Cir. 2014) (citation omitted).

A claim for trade libel imposes a more demanding burden on a plaintiff than a claim for defamation.  To state a claim for defamation under New York law, a plaintiff must allege "(1) a written defamatory factual statement concerning the plaintiff; (2) publication to a third party; (3) fault; (4) falsity of the defamatory statement; and (5) special damages or per se actionability."  Chau v. Lewis, 771 F.3d 118, 126-27 (2d Cir. 2014).  A claim for trade libel, however, requires that the false statement about the plaintiff's product be made knowingly, and that the plaintiff allege "special damages, in the form of actual lost dealings."  Banco Popular N. Am., 905 N.Y.S.2d at 85.  Accordingly, when "the statement is confined to denigrating the quality of the business' goods or services," it is actionable "only if malice and special damages are proven." Ruder & Finn Inc. v. Seaboard Sur. Co., 52 N.Y.2d 663, 670-71 (1981).

The defendants' accusation that the CT Espresso's products were "counterfeit" provides the basis for CT Espresso's defamation and trade libel causes of action.  Because this statement "is confined to denigrating the quality of the [plaintiff's] goods," CT Espresso must allege "malice and

special damages." Id.  And because it has not done so, its

claims for trade libel and defamation must be dismissed.[3]

A. Malice

CT Espresso argues that it has sufficiently alleged malice

because it has alleged that the defendants tested its products

before reporting then to Amazon, and that upon information and

belief, this test must have confirmed the products'

authenticity.  CT Espresso also notes the defendants' admission

that an additional check confirmed the products' authenticity.

These allegations are insufficient to give rise to a

plausible claim for malice.  Although CT Espresso alleges that

the defendants knew that its products were authentic because the

initial test showed as much, this allegation is made only on

"information and belief."  CT Espresso argues that an allegation

based on information and belief is appropriate here because

"allegations may be based on information and belief when facts

are peculiarly within the opposing party's knowledge."  United

States ex rel. Chorches v. Am. Med. Response, Inc., 865 F.3d 71,

81–82 (2d Cir. 2017) (citation omitted).  But even "[w]here

pleading is permitted on information and belief, a complaint

must adduce specific facts" supporting the relevant inference

---

[3] The Court need not determine whether the defendants' statements
in the Amazon Complaints are privileged, because CT Espresso has
failed to state a claim for defamation or trade libel
regardless.

"or it will not satisfy even a relaxed pleading standard."
Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990).
Because the FAC alleges only on information and belief that the
defendants' initial test confirmed the products' authenticity,
and because its allegations of malice are otherwise conclusory,
CT Espresso has not plausibly alleged that the defendants knew
of the falsity of their statements at the time they made them.

CT Espresso argues that its allegation of malice is
nevertheless sufficient because the defendants eventually
recognized that the products were not counterfeit.  But an
allegation that the defendants' claims were eventually shown to
be false does not give rise to an inference that the defendants
knew they were false at the time; falsity is a distinct element
of a trade libel or defamation claim.  See Tannerite Sports, LLC
v. NBCUniversal News Group, 864 F.3d 236, 247 (2d Cir. 2017).
CT Espresso has not alleged, for example, any specific facts to
show that the defendants' initial test was obviously unreliable,
or that its accusations were "inherently improbable."  Biro v.
Conde Nast, 807 F.3d 541, 546 (2d Cir. 2015) (explaining the
kinds of facts that may support an allegation for malice).
Accordingly, CT Espresso has not plausibly alleged malice.

B. Special Damages

Finally, CT Espresso has not stated a claim for trade libel
because it has not pled special damages.  New York law requires

"specific itemization of damages" to support a trade libel claim.  Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 59 (2d Cir. 2002).  "Where loss of customers constitutes the alleged special damages, the individuals who ceased to be customers, or who refused to purchase, must be named and the exact damages itemized."  Id. (quoting Drug Research Corp. v. Curtis Publ'g Co., 7 N.Y.2d 435, 441-42 (1960)).

CT Espresso has alleged that it lost $25,000 in expired inventory and $300,000 in lost sales as a result of the Amazon Complaints.  It has not itemized any of its losses, however, and has not named a single customer who stopped purchasing or decided not to purchase its products.  As numerous courts applying New York law have held, such "round figure" allegations are insufficient to plead special damages.  See Soter Techs., LLC v. IP Video Corp., 523 F. Supp. 3d 389, 410-11 (S.D.N.Y. 2021) (listing cases).  Accordingly, CT Espresso's claims for trade libel and defamation must be dismissed.

II.  Tortious Interference with a Contract

The defendants have moved to dismiss CT Espresso's claim for tortious interference with a contract.  Under New York law, tortious interference with a contract has five elements: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3)

the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006) (citation omitted).

CT Espresso has not alleged that the defendants' conduct caused it to breach any contract with a third party. Although the FAC generally alleges that CT Espresso had a contractual relationship with Amazon that allowed it to sell its products on Amazon, CT Espresso points to no specific provisions of any contract that it asserts has been violated, and does not argue or allege (even in a conclusory manner) that any contract with Amazon has been breached. Accordingly, CT Espresso has not stated a claim for tortious interference with a contract.

III. Tortious Interference with Business Relations

Finally, the defendants have moved to dismiss CT Espresso's claim for tortious interference with business relations. Unlike tortious interference with a contract, tortious interference with business relations does not require the plaintiff to allege a contractual relationship with a third party. See Carvel Corp. v. Noonan, 3 N.Y.3d 182, 189-90 (2004). To recover for tortious interference with business relations, however, the plaintiff must plausibly allege that the defendant's interference with a business relationship was "criminal or independently tortious,"

or that it was "for the sole purpose of inflicting intentional harm on plaintiffs."  Id. at 190 (citation omitted).

CT Espresso has not alleged that the defendants interfered with its relationship with Amazon using unlawful means or with an improper motive.  CT Espresso argues that the defendants filed the Amazon Complaints intending to interfere with its relationship with Amazon.  As explained above, however, CT Espresso has not plausibly alleged that the defendants knew its accusations of counterfeiting were false, much less that they made those accusations for the purposes of harming CT Espresso. Nor has CT Espresso identified any tort or crime applicable to the defendants' conduct.  Accordingly, the claim for tortious interference with business relations must be dismissed.

IV.  Leave to Amend

CT Espresso has requested that, to the extent any of its claims are dismissed, it be granted leave to amend the FAC.  In general, leave to amend should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted).  Additionally, a plaintiff "need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its

complaint." <u>TechnoMarine SA v. Giftports, Inc.</u>, 758 F.3d 493,
505 (2d Cir. 2014).

Leave to amend is not appropriate here.  CT Espresso
already had an opportunity to amend its complaint after the
defendants' original motion to dismiss was submitted and fully
briefed.  That motion also sought dismissal because CT Espresso
had not sufficiently alleged malice.  Rather than significantly
supplementing its allegations of malice, however, CT Espresso
continued to rely on conclusory allegations and allegations on
information and belief.  Additionally, CT Espresso has not
explained what additional facts it could allege to cure the
defects in the FAC.  It has not, for example, suggested that it
could identify specific customers whose sales it lost, provide
additional allegations to show that Lavazza knew its claims of
counterfeiting were false, or point to any contractual provision
with Amazon that it believes has been breached.  Accordingly, CT
Espresso's request for leave to amend is denied.

## Conclusion

The defendants' August 2 motion to dismiss is granted.  CT
Espresso's claims for defamation, trade libel, and tortious

interference with a contract and business relations are
dismissed.

Dated:     New York, New York
           September 28, 2022

                                    _____
                                         DENISE COTE
                              United States District Judge